ELLIS, Justice:
This case arises out of a collision between an automobile owned and operated by Addis J. Simon, Jr. and a tractor-trailer rig owned by Guy P. Thibodaux and operated by Wilton T. Hebert. Plaintiff is Mr. Simon and the defendants are Mr. Thibodaux, Mr. Hebert, and Southern *174 Farm Bureau Casualty Insurance Company, their insurer. After trial on the merits, judgment was rendered in favor of plaintiff for $17,118.07, and defendants have appealed. Plaintiff also appealed, asking for an increase in the award.
The accident happened at about daybreak on November 21, 1971, on Louisiana State Highway 1, which, at the point of the accident, runs in a north-south direction, and has a two lane paved surface 20 feet in width. Mr. Hebert was operating a tractor which was pulling a trailer heavily loaded with cane. The trailer was 37 feet long and eight feet wide, and the total length of the rig was about 45 feet. Mr. Hebert had reported to work at Mr. Thibo-daux’s place and was to drive the loaded rig to the grinding mill. Before starting out, he testified that he checked all lights on the tractor and trailer and found them to be working properly. It is not disputed that the rig carried all lights and reflectors required by law.
After checking the lights, Mr. Hebert drove out Mr. Thibodaux’s private driveway to its intersection with Highway 1, intending to make a left turn on to the highway and head north. He testified that he stopped 20 or 25 feet from the edge of the highway, and allowed three automobiles to pass. Seeing nothing approaching from either direction, he then entered the highway. He stated that all lights on the trailer were lit, and that both his flashers and his left turn indicator were operating.
Mr. Hebert stated that he drove the tractor straight across the highway and then turned sharply to the left, with his right front wheel actually on the shoulder on the other side of the road. During the turn, he was in first gear, and testified that he was going eight miles per hour. He said that when he had completed the turn, and shortly after he had straightened out on the highway, something made his tractor jump out of gear. He continued down the road for a short distance and then pulled onto the shoulder and stopped when he saw flames in his rear view mirror and realized he had been hit by another vehicle.
Mr. Simon testified that he was driving north on the highway at 55 or 60 miles per hour, and that he saw the trailer across the road at an angle, blocking the highway, when he was about a block away. He estimated a block to be about 150 feet. He stated that he immediately applied his brakes, but was unable to avoid the collision. He said that he saw no lights on the trailer.
The point of impact was fixed by the investigating officer at 75 feet north of the centerline of the Thibodaux driveway in the northbound lane of traffic. The damage to the rear of the trailer was slight and extended from the center, where the stop light was broken, to the right side, where the flasher light was broken. The Simon automobile was damaged across the front, from the left side to the right edge of the hood. The right front headlights were not broken. Mr. Simon left 46 feet of skid marks leading up to the point of impact.
Mr. Simon also testified that he and his attorney had twice measured by automobile speedometer the distance from which the Thibodaux driveway could be first seen by one approaching around a curve located to south thereof, and found it to be one quarter mile. An insurance adjustor for defendant measured from the point of impact to the beginning of the same curve and found the distance to be 748 feet.
The trial judge found that “the physical position of the longitudinal axis of the trailer during the moments prior to impact as plaintiff rounded the curve and approached the point of impact prevented the trailer or tractor lights from being apparent to him.” He was of the opinion that the trailer was at such an acute angle across the highway that the lights on its rear could not be seen by one approaching from the rear. He further found Mr. Hebert negligent in “operating his vehicle *175 in such a manner and under such conditions as would have caused a reasonable man to know that an accident was inevitable. It was only a matter of when it would happen, not if it would happen. Creeping a vehicle this size onto a busy highway in the dark with inadequate lighting just above a bend in the highway was an invitation to disaster and was, in the opinion of this court, gross negligence.”
We cannot agree with all of the above conclusions. First, it cannot be said that the lighting on the tractor and trailer were inadequate, since they are in full compliance with the law. Second, the photographs of the trailer in the record show that the tail lights are clearly visible even when the trailer is viewed at a 45° angle from the side. Considering the length of the trailer and the manner in which the tractor was driven onto the road, the angle formed by the longitudinal axis of the trailer and the centerline of the highway would have been about 30° when the rear wheels of the trailer first came onto the highway surface. If the tractor was then moving as slowly as the trial judge found, the accident was still 12 to 15 seconds in the future, and plaintiff was still in the curve, about 1000 feet from the point of the collision.
Under those circumstances, he could and should have seen the lights of the trailer in ample time to have avoided the accident. Since he never did see them, he was not keeping a proper lookout. We further note that the damage to the rear end of the trailer, and the front end of plaintiff’s car make it clear that, if the trailer was not entirely in its proper lane at the time of the accident, no more than two feet of it could have been to the left of the centerline. It would have been impossible for it to have been blocking the highway at a sharp angle only two seconds before, when plaintiff said he first observed it. We find that in concluding otherwise the trial judge committed manifest error.
Because we are of the opinion that plaintiff was guilty of negligence which was a proximate cause of the accident, we need not consider the question raised by plaintiff as to Mr. Hebert’s alleged negligence.
The judgment appealed from is reversed, and there will be judgment dismissing plaintiff’s suit at his cost.
Reversed and rendered.